UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Lexington Division

| | |
|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION, et al., <br><br> Defendants. | Case No. 5:19-cv-00330-KKC <br><br> ORAL ARGUMENT REQUESTED |

## **MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Vapor Technology Association ("VTA"), the vapor products industry's leading national trade association with over 800 members, and Vapor Stockroom, LLC ("Vapor Stockroom"), a Lexington, Kentucky-based small business and manufacturer of nicotine-containing e-liquids, pursuant to Federal Rule of Civil Procedure 65, hereby move for a preliminary injunction. Through their motion, Plaintiffs seek an order requiring FDA and the other Defendants to: (i) establish a proposed and final rule governing the submission of pre-market tobacco applications ("PMTAs") and product standards for vapor products pursuant to the notice-and-comment rulemaking process mandated by the Administrative Procedure Act ("APA"), 5, U.S.C. § 553; (ii) set a reasonable, non-arbitrary deadline for the filing of PMTAs pursuant to the final rule; (iii) refrain from taking enforcement action against any vapor products on the U.S. market as of August 8, 2016—the date such products first became subject to FDA regulation—until the new filing deadline for PMTAs; and (iv) refrain from taking enforcement action based on the failure of a vapor product manufacturer to submit a complete PMTA by May 11, 2020.

1

As explained in the accompanying supporting memorandum, for the last two years, FDA has publicly and repeatedly promised to provide the "rules of the road" for the submission and approval of PMTAs for vapor products by way of a draft and final rule, product standards, and good manufacturing practices requirements.  To allow time for such to be developed and for industry to prepare PMTAs—which are multi-year, multi-million dollar efforts involving, *inter alia*, clinical human subject studies, FDA adopted a compliance policy that allowed manufacturers until August 8, 2022, to submit their PMTAs without the threat of FDA enforcement action.  However, in June 2019, in the context of litigation before another district court, FDA—without providing any notice or seeking comment or other input from industry stakeholders, and without providing the rule, product standards, or good manufacturing practices which it has long promised—suddenly proposed accelerating that deadline by some twenty-seven (27) months, thereby providing manufacturers with only ten months to submit their PMTA filings.  It is that new deadline of May 11, 2020, which FDA is now enforcing.

In accelerating the deadline so dramatically, FDA failed to account for manufacturers' significant reliance interests in the August 8, 2022 deadline, the practical impossibility of submitting a complete PMTA in a ten-month time frame, much less the "high quality" PMTA submission that FDA requires, and the impossibility of preparing a complete PMTA without further clarity from FDA on the filing requirements through a binding rule.  In proposing the new deadline without considering these important aspects of the problem, FDA acted arbitrarily and capriciously in violation of the APA.  FDA also violated the APA's procedural requirements by failing to engage in any public notice or comment process before superfluously proposing the new deadline in an act of unlawful "regulation by litigation."  Further, FDA violated Plaintiffs' Fifth Amendment due process rights both by superfluously proposing the highly accelerated

deadline and by failing to give fair notice to potential applicants of what they are required to file for an acceptable, "high quality" PMTA for a vapor product.

Absent preliminary injunctive relief, Plaintiffs will suffer irreparable harm in multiple forms, including the wholesale loss of their businesses; because sovereign immunity prevents them from recovering damages from Defendants; and through the violation of their constitutional due process rights. The requested relief will not cause substantial harm to third parties or FDA but, rather, based on FDA's own testimony, will aid FDA in its eventual processing and review of vapor product PMTAs. Finally, an injunction will serve the public interest and the public health by preventing the "mass market exit" of vapor products that FDA has said "should be avoided if at all possible" to prevent former smokers from relapsing back to combustible cigarettes, by remedying the deprivation of Plaintiffs' due process rights, and by forcing Defendants to comply with the APA's notice and comment requirements before devastating a multi-billion dollar industry that employs tens of thousands of U.S. workers.

A supporting memorandum[1] and proposed form of order are enclosed. Plaintiffs respectfully request oral argument on their motion.

---

[1] Because Plaintiffs' supporting memorandum exceeds the 25-page limit established by Local Rule 7.1(d), Plaintiffs file herewith a motion for leave to exceed the page limits to which the proposed supporting memorandum is attached.

Respectfully submitted,

THOMPSON HINE LLP

Dated: September 2, 2019	By:	/s/ Eric N. Heyer
        Eric N. Heyer (admitted *pro hac vice*)
        Joseph A. Smith (admitted *pro hac vice*)
        1919 M Street, NW, Suite 700
        Washington, DC 20036
        Phone: 202.331.8800
        Fax: 202.331.8330
        eric.heyer@thompsonhine.com
        joe.smith@thompsonhine.com

        Robert P. Johnson
        Kentucky Bar No. 86282
        312 Walnut Street, 14th Floor
        Cincinnati, Ohio 45202-4089
        Phone: 513.352.6769
        Fax: 513.241.4771
        rob.johnson@thompsonhine.com

        Stephanie M. Chmiel
        (*pro hac vice* motion to be filed)
        41 South High Street
        Suite 1700
        Columbus, OH 43215-6101
        Phone:  614.469.3200
        Fax: 614.469.3361
        stephanie.chmiel@thompsonhine.com

        *Counsel for Plaintiffs Vapor Technology Association and Vapor Stockroom, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I will cause the foregoing motion for preliminary injunction to be provided to a private process server for expedited service on each of the Defendants in this action on September 3, 2019.

　　/s/ Eric N. Heyer
Eric N. Heyer (admitted *pro hac vice*)
THOMSPON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
eric.heyer@thompsonhine.com

*Counsel for Plaintiffs Vapor Technology Association and Vapor Stockroom, LLC*
